(V.D. 100)

KEUFFEL & ESSER CO. *v.* UNITED STATES

Entry Nos. 725806; 49921.

(Decided July 6, 1959)

*John D. Rode* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The above-enumerated causes of action are presently before me on remand from a classification proceeding decided by the second division of this court in *Keuffel & Esser Co.* v. *United States*, 41 Cust. Ct. 409, Abstract 62470, wherein the matters were remanded to a single judge sitting in reappraisement, pursuant to the provisions of title 28 U.S.C. section 2636 (d).

The parties to these proceedings have stipulated and agreed as follows:

1. That the merchandise consists of instruments and cases which were held by the Court in Abstract 62470 to be subject to appraisement separately according to the value of each class of article.

2. That the market value or the price of the instruments and cases herein at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual whole-sale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States was as set forth below.

Protest No. 235996–K/20538/53

| Item | Instrument | Case | Total |
| --- | --- | --- | --- |
| 1086C | 8.55 | 1.51 | 10.06 |
| 4236 | 8.16 | 1.53 | 9.69 |
| 4236M | 8.16 | 1.53 | 9.69 |
| 4242 | 24.80 | 2.43 | 27.23 |

Protest No. 256833–K/11916/54

| 1086C | 8.55 | 1.51 | 10.06 |
|---|---|---|---|

3. That there was no higher foreign value.
4. That the instant case may be submitted on the foregoing stipulation.

Upon the agreed facts, I find and hold that export value, as that value is defined in section 402(d) of the Tariff Act of 1930 (19 U.S.C. § 1402(d)), is the proper basis for determining the value of the drawing instruments and cases covered by the remand of protests, above enumerated, and that such value is as indicated in paragraph 2 of the stipulation quoted, *supra*.

I further find and hold such values to be the proper dutiable values of said merchandise.

As to all other merchandise, the remand is dismissed.

Judgment will issue accordingly.